## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL PUBLIC RADIO, INC.**<br>1111 N. Capitol St. NE<br>Washington, DC 20002<br><br>**and**<br><br>**TIM MAK**,<br>2112 8th St. NW, Apt. 733<br>Washington, DC 20001<br><br>        Plaintiffs,<br><br>    v.<br><br>**UNITED STATES DEPARTMENT**<br>**OF THE TREASURY**<br>1500 Pennsylvania Ave. NW<br>Washington, DC 20220<br><br>        Defendant. | Civil Action No. 1:19-CV-17 |

## COMPLAINT

Plaintiffs National Public Radio, Inc. and Tim Mak (collectively, "NPR"), by their undersigned attorneys, allege as follows:

## INTRODUCTION

1.    This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking the release of agency records from the United States Department of the Treasury ("Treasury").

2.    Through this action, NPR seeks to compel Treasury to release information regarding its communications with and concerning certain Russian individuals associated with infiltrating American political organizations, including sanctioned oligarchs Alexander Torshin

and Oleg Deripaska and Russian agent Maria Butina who recently pled guilty to conspiracy to act as an illegal foreign agent in the United States.

3.        NPR made four separate requests – from May through August 2018 – for these records, and still has received no substantive response from the agency whatsoever.  This is a violation of Treasury's duties pursuant to FOIA.  Its delay and constructive denial of NPR's FOIA requests are improper and should not be countenanced.  As a matter of law, Treasury should be required to fulfill its statutory obligations and release the requested records immediately.

**PARTIES**

4.        Plaintiff National Public Radio, Inc. is a non-profit multimedia organization organized under the laws of the District of Columbia with its principal place of business in Washington, D.C.   It is the leading provider of non-commercial news, information and entertainment programming to the American public.  NPR's fact-based, independent journalism helps the public stay on top of breaking news, follow the most critical stories of the day, and track complex issues over the long term.  NPR serves an audience of 29 million people who listen to NPR programming and newscasts each week via more than 1,000 non-commercial, independently operated radio stations.  NPR also reaches millions of people via its digital properties, including podcasts (which see about 19 million unique users each month), social media, mobile applications, and NPR.org (which sees about 37 million unique visitors each month).

5.        Plaintiff Tim Mak is a political reporter for NPR based in Washington, D.C. Among other topics, he covers the investigation into Russian interference in the 2016 presidential election.

6.      Defendant Treasury is an agency of the federal government.  It has possession, custody and/or control of the records that NPR seeks.  Treasury is located at 1200 New Jersey Avenue SE, Washington, D.C. 20590.

## JURISDICTION AND VENUE

7.      This action arises under FOIA.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

8.      Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

9.      The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by fostering the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA.  *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (citation omitted).

10.      NPR plays a critical role in providing information to citizens about "what their government is up to."  Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people."  *N.Y. Times Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J., concurring).

11.     Through the FOIA requests here at issue (and through this litigation), NPR seeks to fulfill its journalistic function and to shine a public light on the operations of Treasury, particularly its treatment of certain Russians who are now believed to have been working against American interests.

12.     For example, Maria Butina (who was indicted and recently pled guilty) and Alexander Torshin (who has been sanctioned by Treasury) reportedly had meetings in 2015 with top U.S. officials at Treasury and appear to have been seeking relief for Russia from U.S. sanctions as part of the Russian campaign of influence in the United States.  They had gained entrée into U.S. political circles through the National Rifle Association, by posing as allies of Mikhail Kalashnikov, the inventor of the AK-47, which are manufactured by "Kalashnikov Concern" (which has also been sanctioned).  The information sought by these requests – including, among other things, information about Butina, Torshin and Kalashnikov Concern – is crucial to the public's understanding of the breadth and depth of Russian infiltration, Treasury's handling of the Russians' apparent attempts to influence it and Treasury's later decision in 2018 to impose sanctions against Torshin, Kalashnikov Concern and others.

## REQUEST A

13.     On or about May 14, 2018, NPR submitted to Treasury a FOIA request relating to communications and documents concerning Russian oligarchs Alexander Torshin and Oleg Deripaska.   Specifically, it requested (a) "written communications between the Treasury Department's Office of Foreign Assets Control ("OFAC") and other Treasury Department officials referring or relating" to Torshin and/or Deripaska, (b) "documents reflecting communications, discussions or meetings referring or relating to" Torshin and/or Deripaska "as a potential candidate for sanctions designation," (c) "documents that constitute the evidentiary

package used to support, or form the basis of, OFAC's April 6, 2018, sanctions designation of Torshin" and/or its "April 6, 2018 sanctions designation of Deripaska, and (d) "'talking points' or other written materials used in connection with OFAC's April 6, 2018 announcement of its sanctions designation[s]" of Torshin and/or Deripaska.  The request made clear that it did "not seek copies of properly classified documents," and asked that, if any of the requested "documents have been classified pursuant to Executive Order," then they be reviewed "to determine whether they are properly classified or continue to warrant classification."  A true and correct copy of this request is attached hereto as Exhibit 1.

14.     Pursuant to FOIA, an agency must respond to a request with 20 working days, or within 30 working days if it can show "unusual circumstances."  *See* 5 U.S.C. § 552(6)(a)(i) & (a)(6)(B)(i).  Treasury responded to NPR's May 14, 2018 request 37 days later, on July 6, 2018.  This response was not substantive in any way; rather, it merely acknowledged that Treasury had received NPR's request and had "referred" it to OFAC on June 29, 2018.  A true and correct copy of this response is attached hereto as Exhibit 2.

15.     NPR received a second letter from Treasury on July 16, 2018, informing it that Treasury had determined that "other program offices within Departmental Offices (DO) should have also been assigned" to the request.  Claiming "unusual circumstances," Treasury informed NPR that "an additional processing extension of 10 days is required to process" the request, even though, by this point, Treasury had already far exceeded the statutorily-mandated time period for responding to a FOIA request, even under "unusual circumstances."  A true and correct copy of this second letter is attached hereto as Exhibit 3.

16.     After waiting more than two additional months with no communication from Treasury, NPR filed an administrative appeal on October 3, 2018, claiming constructive denial of

its FOIA request.  A true and correct copy of the administrative appeal is attached hereto as Exhibit 4.

17.     On October 10, 2018, the Treasury responded, asserting that "[t]he absence of a response within the time limits specified in the FOIA is not a basis for filing an administrative appeal."  As a result, the letter continued, because Treasury "has not yet issued a determination" on the request, "the appeal is premature."  The correspondence invited NPR to contact "Cawana Pearson" by telephone or email "if you would like to schedule a conference call to discuss your FOIA request further."  A true and correct copy of this October 10, 2018 correspondence from Treasury is attached hereto as Exhibit 5.

18.     More than a month later, still having received no substantive response from Treasury, NPR engaged undersigned counsel, David J. Bodney, to contact Ms. Pearson at the number provided.  On November 30, 2018, NPR's counsel phoned and reached her voicemail. He left a detailed message and requested a return call.  Ms. Pearson's outgoing voice message also advised callers to try a different number.  When Mr. Bodney tried that number, he also got voicemail (with the outgoing message noting that calls would be returned within 24 hours), and left a second message.  To date, Treasury has not returned either of his calls.

19.     NPR has exhausted its administrative remedies regarding Request A pursuant to 5 U.S.C. § 552(6)(C)(i).

**REQUEST B**

20.     On or about August 14, 2018, NPR submitted to Treasury a FOIA request for records relating to Maria Butina, specifically: (a) "written communications between [OFAC] and other Treasury Department officials referring or relating to Maria Butina or Mariia Butina," and "documents reflecting or revealing communications between the Treasury Department (or any of

its officials) and Butina."   The request made clear that it did "not seek copies of properly

classified documents," and asked that, if any of the requested "documents have been classified

pursuant to Executive Order," then they be reviewed "to determine whether they are properly

classified or continue to warrant classification." A true and correct copy of this request is

attached hereto as Exhibit 6.

21.      To date – more than four months after the request was made – NPR has received

no response from Treasury at all, substantive or otherwise.  Pursuant to 5 U.S.C. § 552(6)(A)(i),

the deadline for a substantive response was September 12, 2018.

22.      NPR has exhausted its administrative remedies regarding Request B pursuant to 5

U.S.C. § 552(6)(C)(i) (a requestor "shall be deemed to have exhausted his administrative

remedies . . . if the agency fails to comply with the applicable time limit provisions").

**REQUEST C**

23.      Also on or about August 14, 2018, NPR submitted another FOIA request to

Treasury, seeking copies of records regarding Kalashnikov Concern, the gun industry lobbyist

Mark Barnes, and the National Rifle Association.   Specifically, it requested: (a) "written

communications between" OFAC "and other Treasury Department officials referring or relative

to Kalashnikov Concern," (b) "documents reflecting communications, discussions or meetings

referring or relating to Kalashnikov Concern as a potential candidate for sanctions designation,"

(c) "documents reflecting or revealing communications between the Treasury Department (or

any of its officials) and Kalashnikov Concern or its representatives," (d) "documents that

constitute the evidentiary package used to support, or form the basis of, OFAC's July 16, 2014

sanctions designation of Kalashnikov Concern," (e) any "'talking points' or other written

materials used in connection with OFAC's July 16, 2014 sanctions designation of Kalashnikov

Concern," (f) "written communications between OFAC and other Treasury Department Officials

referring or relating to Mark Barnes," (g) "documents reflecting communications, discussions or meetings referring or relating to Barnes," (h) "documents reflecting or revealing communications between the Treasury Department (or any of its officials) and Barnes," (i) "written communications between OFAC and other Treasury Department officials referring or relating to the National Rifle Association, the NRA, the National Rifle Association Institute for Legislative Action, or its affiliates ('NRA')," (j) "documents reflecting communications, discussions, or meetings referring or relating to NRA," and (k) "documents reflecting or revealing communications between the Treasury Department (or any of its officials) and NRA."  The request made clear that it did "not seek copies of properly classified documents," and asked that, if any of the requested "documents have been classified pursuant to Executive Order," then they be reviewed "to determine whether they are properly classified or continue to warrant classification."  A true and correct copy of this request is attached hereto as Exhibit 7.

24.    To date – more than four months after the request was made – NPR has received no response from Treasury at all, substantive or otherwise.  Pursuant to 5 U.S.C. § 552(6)(A)(i), the deadline for a substantive response was September 12, 2018.

25.    NPR has exhausted its administrative remedies regarding Request C pursuant to 5 U.S.C. § 552(6)(C)(i) (a requestor "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions").

**REQUEST D**

26.    Finally, on or about August 29, 2018, NPR submitted a FOIA request seeking: (a) "written communications sent or received by former Treasury undersecretary for international affairs Nathan Sheets ('Sheets') relating or referring to [Torshin] from January 2015 to present," (b) "written communications sent or received by . . . Sheets relating or referring to . . . Butina from January 2015 to present," (c) "written communications sent or received by employees in

the Office of International Affairs referring to Torshin or Butina from January 2015 to present," (d) "documents reflecting communications or discussions referring or relating to a meeting Sheets had with Torshin and Butina in April 2015," and (e) "notes taken by Sheets or his employees of the Office of International Affairs in the meeting with Torshin and Butina held in April 2015." A true and correct copy of this request is attached hereto as Exhibit 8.

27.     To date – more than four months after the request was submitted – NPR has received no response from Treasury at all, substantive or otherwise. Pursuant to 5 U.S.C. § 552(6)(A)(i), the deadline for a substantive response was September 27, 2018.

28.     NPR has exhausted its administrative remedies regarding Request C pursuant to 5 U.S.C. § 552(6)(C)(i) (a requestor "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions").

**CLAIM FOR RELIEF**

**COUNT I**
**(Declaratory and Injunctive Relief:**
**Violation of the Freedom of Information Act, 5 U.S.C. § 552)**

29.     NPR realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

30.     Treasury is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore must disclose in response to a FOIA request all responsive records in its possession at the time of the request that are not specifically exempt from disclosure under FOIA, and must provide a lawful reason for withholding any records (or portions thereof) as to which they are claiming an exemption.

31.     The records requested in Requests A through D, described herein and attached hereto (Exhibits 1, 6, 7, and 8), are subject to release pursuant to FOIA.

32.   Treasury's failure timely to disclose the records sought by Requests A through D violates FOIA, 5 U.S.C. § 552(a)(3)(A).

## **REQUEST FOR RELIEF**

WHEREFORE, NPR respectfully requests that this Court:

A.   Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

B.   Declare that the records sought by Requests A through D, as more particularly described above, are public records pursuant to FOIA and must be disclosed;

C.   Order Treasury to provide the requested records to NPR, including electronic copies of records stored in electronic format, within 10 business days of the Court's order;

D.   Award NPR the costs of this proceeding, including reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.   Grant NPR such other and further relief as this Court deems just and proper.

Dated:  January 3, 2019                    Respectfully submitted,

BALLARD SPAHR LLP

_____/s/ Alia Smith_____
Alia L. Smith (#992629)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200; Fax: (202) 661-2299
smithalia@ballardspahr.com

David J. Bodney [*pro hac vice application pending*]
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004
Tel: (602) 798-5400; Fax: (602) 798-5595
bodneyd@ballardspahr.com

*Counsel for Plaintiffs National Public
Radio, Inc. and Tim Mak*