**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NATIONAL PUBLIC RADIO, INC.** | ) | |
| **and TIM MAK**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-cv-17 (JDB) |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF THE TREASURY**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT**
**TO PROMPTLY PRODUCE "REFERRED" DOCUMENTS**

Plaintiffs National Public Radio, Inc. and Tim Mak (collectively, "NPR"), through counsel, hereby move this Court for an order requiring Defendant United States Department of the Treasury ("Treasury") to produce, within 30 days, the non-exempt portions of all documents (more than 2,000 pages) Treasury has provided (1) to other agencies for "referral" or "consultation" and (2) to outside organizations pursuant to the submitter notice process, in connection with NPR's FOIA requests. Document production in this FOIA matter is otherwise nearly complete, and finality should not be delayed indefinitely simply because outside organizations are ostensibly not responsive to referral requests. Ultimately, the documents – many of which have been out on "referral" for more than a year – are Treasury's responsibility, and Treasury should be required to produce them promptly pursuant to this Court's production Order dated August 23, 2019. Order, ECF No. 16.

**BACKGROUND**

This case concerns four FOIA requests that NPR submitted to Treasury between May and August 2018. *See* Compl. ¶¶ 13-28, ECF No. 1. In general, the requests sought documents from

Treasury concerning the Russian oligarchs Alexander Torshin and Oleg Deripaska; Maria Butina, who was later convicted of conspiring to act as a foreign agent; Kalashnikov Concern; the National Rifle Association; and Mark Barnes.  *See id.* ¶¶ 13-28.  Treasury ignored the requests for several months, until NPR filed this action in January 2019.  Even then, Treasury did not begin producing documents until the end of April 2019, nearly a year after the first request was submitted.  The parties then disputed the rate at which Treasury would be required to process and produce documents, and by Order dated August 23, 2019, this Court directed Treasury to review 3,000 pages per month.  *See* Order at 4.  With that rate, given the number of documents to be reviewed, the documents were due to be completely processed "within the next 17 months or so."  *Id.*  That is, production should be complete by approximately the end of January 2021.

Since that Order was entered, Treasury has been producing documents monthly, and thus *should* be finished with its review by March 15, 2021.[1]  (NPR agreed to Treasury's requests for a couple of short extensions over the 17-month production period, accounting for the slight delay past January.)  However, it likely will not be fully complete by then because of the significant number of documents that Treasury has referred out to other agencies for "consultation" or to outside organizations through the "submitter notice process" (collectively, the "Referred Documents").[2]  To date, 2,592 pages have been referred outside of Treasury, but of those, only 287 have been returned to Treasury and processed; some *2,305 pages remain unreturned.  See*

---

[1] At the outset of the case, NPR and Treasury agreed that Treasury would search for and review a prioritized subset of the documents originally requested.  The production of this prioritized subset is what should be completed by March 15, 2021.  After that time, the parties will discuss whether and/or how review of the non-prioritized documents will proceed.

[2] Every month, Treasury's cover letter to the document production indicates how many documents it has referred out.  Copies of these letters are attached to the Declaration of Alia L. Smith as Ex. A.  A chart summarizing the referrals is contained in the Smith Declaration at ¶ 5.

Smith Decl. ¶ 5 & Ex. A.   Many of those unreturned pages (nearly 900) have been "pending consultation" for more than a year.   *Id.*   When NPR inquired about when such documents might be produced – including whether NPR could expect the documents by the time the production was otherwise scheduled to be complete – Treasury would not agree to a timetable for production.

Because this Court's August 23, 2019 Order requires that all documents be "process[ed] . . . within 17 months or so," and because Treasury refuses to say when the remaining 2,345 pages will be processed, NPR now brings this Motion.   This matter has been ongoing for nearly three years – it is fundamentally unfair (and contrary to this Court's Order and to FOIA) to make NPR wait an indefinite amount of additional time for Treasury's document production to be complete.

## ARGUMENT

NPR has asked Treasury repeatedly about the status of the Referred Documents and when it might expect to receive them.   Every time, Treasury responds that it does not control the dates by which the agencies or organizations will respond to the referrals, and therefore it cannot guarantee any production schedule.   *See* Smith Decl. ¶ 5.

But this is not the law.   It is well settled that, as the recipient of the relevant FOIA requests, Treasury "must take responsibility for processing the request[s]." *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983) (emphasis added); *see also, e.g., Brennan Ctr. for Justice v. Dep't of State*, 300 F. Supp. 3d 540, 549 (S.D.N.Y. 2018) ("It is well-settled that the referring agency 'is ultimately responsible for processing responsive records in its custody and control at the time of the FOIA request . . . .'" (quoting *Plunkett v. Dep't of Justice*, 924 F. Supp. 2d 289, 305 (D.D.C. 2013))); *Keys v. Dep't of Homeland Sec.*, 570 F. Supp. 2d 59, 70 (D.D.C. 2008) ("Because the agency who received the FOIA request . . . is the agency ultimately responsible for responding to the request, the agency is not absolved of its obligations under FOIA when it refers the documents

elsewhere."). Thus, "[a] District Court with jurisdiction of the agency possessing the disputed documents will . . . have jurisdiction to resolve the status of those documents," regardless of whether the records have been referred to another agency for processing or consultation. *Paisley v. CIA*, 712 F.2d 686, 691 (D.C. Cir. 1983). The referral procedure is simply a part of the agency's duty in processing FOIA requests. A referral does not permit the agency receiving the request to evade its statutory responsibilities merely because another agency or outside organization is recalcitrant. *See, e.g., McGehee*, 697 F.2d at 1110 (referral of records to another agency is tantamount to withholding under FOIA "if its net effect is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them").

For this reason, in *Paisley*, the D.C. Circuit held that because the FBI retained the statutory responsibility for the records subject to the FOIA request, the trial court had authority to order FBI to produce those documents even though the FBI had referred the documents to DOJ for processing. 712 F.2d at 691. The court, therefore, ordered the FBI to "present an updated justification for withholding all or part of those documents" within 30 days and directed the district court to order release of the records "[i]f the agency cannot show that any FOIA exemption properly applies." *Id.* at 691-92. Here, NPR seeks the same type of relief from this Court as did the plaintiff in *Paisley*: an order requiring Treasury to perform its statutory obligations to process the "referred" documents, determine what material reasonably may be withheld under FOIA's exemptions, and produce the rest to NPR within 30 days. While Treasury was certainly entitled to seek input from other agencies or outside organizations with respect to NPR's requests, it may not use the referral of documents as a basis to withhold them indefinitely. Now that the document production is coming to an end – and the referrals have been pending for many months (in some

cases more than a year) – it is well past time for the Referred Documents to be produced.  *See* Order at 3 ("[U]nreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses." (quoting *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (citation omitted))).

## LOCAL CIVIL RULE 7(m) STATEMENT

Pursuant to Local Civil Rule 7(m), counsel for Plaintiff conferred with counsel for Treasury on February 11, 2021.  Counsel for Treasury opposes this motion.

Dated: February 12, 2021

Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Alia L. Smith*
Alia L. Smith (#992629)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200; Fax: (202) 661-2299
smithalia@ballardspahr.com

David J. Bodney
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004
Tel: (602) 798-5400; Fax: (602) 798-5595
bodneyd@ballardspahr.com

*Attorneys for Plaintiffs*