UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC. and TIM MAK, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE TREASURY, <br><br> Defendant. | No. 19-cv-17 (JDB) |

**DEFENDANT'S STATUS REPORT
AND MOTION TO EXTEND
DEADLINE TO PRODUCE RECORDS**

In its March 31, 2021 Order, *see* ECF No. 28, the Court ordered Defendant United States Department of the Treasury to produce by May 26, 2021 any records that had been subject to the submitter notice process at the time the Court issued the March 31, 2021 Order, as well as documents that had been subject to consultation for which Defendant had received responses by April 26, 2021. *See* March 31, 2021 Order at 3, 5–6. Noting that there had been eleven consultation requests outstanding at the time Defendant had submitted its March 12, 2021, declaration, the Court required Defendant to submit by May 26, 2021, as to any of those consultation requests still outstanding, a status report providing a concrete timetable for production of those records. Defendant respectfully submits the required status report below, and, further, describes the status of additional records subject to submitter notice and


consultation that remain to be processed.[1]  Also herein, Defendant respectfully seeks an extension until July 16, 2021 to produce the records subject to production by May 26, 2021, under the Court's March 31, 2021 Order, because despite extraordinary efforts detailed below, Defendant has been unable to complete the processing of those records within the timeframe set forth in that Order.[2]

Defendant has made every effort to meet the production deadline set forth in the Court's March 31, 2021 Order.  Prior to the entry of that Order, Defendant already had been devoting approximately fourteen to twenty percent of the analyst resources in the Office of Foreign Assets Control ("OFAC") FOIA Office to the instant litigation.  *See* Fields Decl. ¶ 14.  Since that time, in an effort to comply with the May 26, 2021 deadline, the OFAC FOIA Office devoted still more resources to this case.  While the analyst working full time on this matter continues to devote time during her evenings and weekends to the instant litigation, two contractors have been assigned to prioritize tasks associated with this matter whenever issues arise with which they can assist.[3]  Further, both of the OFAC FOIA Office's two supervisors have focused a tremendous amount of time on processing records associated with this matter; for example, during the preceding week, one supervisor devoted sixty percent of her time to this case, as well

---

[1] As noted in Mr. Fields's March 12 declaration, at that time, Defendant anticipated that there were additional records subject to consultation/coordination or the submitter notice process that had not yet been identified or reviewed and processed.  *See* Declaration of Marshall H. Fields, ECF No. 25-1, ¶ 37.

[2] Undersigned counsel emailed Plaintiffs' counsel regarding the relief requested herein on May 26, and Plaintiffs' counsel has not yet had an opportunity to confer with her client as of the time of filing of this motion.  Accordingly, Defendant will submit a notice informing the Court of Plaintiffs' position regarding the requested extension once Defendant learns Plaintiffs' position.

[3] The primary analyst assigned to this matter often is the only person who can most efficiently complete a particular task in light of her long experience and expertise working with these documents.

as substantial time during the weekend.  Mr. Fields, himself, the head of OFAC's FOIA Office, has devoted additional time to processing determination notices and responding to submitter inquiries.  Notwithstanding these extraordinary efforts, it has not proven possible for Defendant to complete the required production within the allotted timeframe.

Several factors have rendered Defendant unable to produce by May 26, 2021, all of the records required by the Court's Order.  First, even after records are returned from consultation or the timeframe for a submitter to respond has elapsed, numerous steps remain to be completed, as detailed further below.  Many of the documents at issue, as noted below, require review by subject-matter experts within the Department of the Treasury.  However, currently, those subject-matter experts are often fully occupied with time-sensitive matters of significance, including national security issues, such that they have been unable to conduct the reviews necessary for processing to proceed within the Court-ordered timeframe.  Additionally, Mr. Fields, continues to experience significant, ongoing medical complications resulting from eye surgery that are negatively impacting his ability to provide essential supervisory review of the records in this case.  *See* ECF No. 27 (discussing Mr. Fields' condition).  All of these factors have combined to lengthen the already significant time required for the completion of the several steps described below.

### Records Subject to Submitter Notice

The March 31, 2021 Order addressed thirteen submitter notices that Treasury had sent out at the time Mr. Fields submitted his March 12, 2021 declaration.  *See* March 31, 2021 Order at 3 n.1.  As noted above, however, Mr. Fields' declaration noted that Defendant, at that time, anticipated that there would be additional records subject to submitter notice and the consultation process.  *See* Fields Decl. ¶ 37.  Since that time, Defendant has sent out an additional eight

submitter notices. The status of these twenty-one submitter notices is discussed below, and Defendant is preparing to send out approximately four more submitter notices.

As explained in Mr. Fields' declaration, after a submitter receives a letter from Defendant informing the submitter of the FOIA request calling for production of their information, the submitter has ten business days in which to object. *See* Fields Decl. ¶ 29. Once the Submitter sends written objections, the objections must be reviewed to determine if the arguments for withholding information meet the standard for protection under FOIA Exemption (b)(4). *See id.* ¶ 30. Where there are questions regarding the applicability of the exemption, the analyst may discuss the objections with a supervisor, and they may seek input from subject matter experts and the Chief Counsel's Office if needed. *Id.* Once a determination is made regarding the Submitter's objections, the analyst must draft a letter, known as a determination notice. The determination notice responds to the objections and informs the Submitter whether the information and/or records will be withheld under Exemption (b)(4) or other FOIA exemptions, or if the information or records will be released over the Submitter's objections. Where the agency determines to release information and documents over the submitter's objections, the agency must provide a detailed explanation for the basis of the determination. *See id.* ¶ 31. After the letter is sent, OFAC gives the Submitter at least ten business days before release of the records, to allow the Submitter to seek an injunction to prevent release of the records if they wish to do so. *See id.*

Regarding the thirteen initial submitter notices: Defendant has produced to Plaintiffs the records subject to two of the submitter notices. Defendant is also preparing several additional sets of records for production. As to six more submitter notices, the determination notices were issued and the response period has elapsed. While the documents subject to five of those six

4

notices are being prepared for release, one requires additional consultation. The remaining five submitter notices at the time of the Fields declaration include: one instance in which a submitter responded with "no objection"; one instance in which a submitter did not respond; for two sets of records, one notice in response to which an objection was received that implicates records that had been subject to two submitter notice processes; and one instance of an objection received in response to a determination notice. For the eight submitter notices sent out since Mr. Fields' declaration, processing is ongoing. In total, approximately 660 pages currently outstanding were subject to the submitter notices processes discussed above including submitter notices yet to be performed. Defendant anticipates that it can complete the processing of approximately 460 pages that relate to the 13 submitter notices discussed in the March 31, 2021 Court Order, but that do not require consultation, by July 16, 2021. Defendant further proposes to update the Court by July 16, 2021 regarding the status of the additional submitter notices being sent out.

**Records Subject to Consultation**

The Court's March 31, 2021 Order also addressed documents subject to consultation/coordination requests. The Court noted therein eleven outstanding consultation/coordination requests, and required that Defendant "detail their status and provide a concrete timetable for processing and production" of the materials subject to those requests. March 31, 2021 Order at 5. For those eleven consultation/coordination requests, comprising 1,121[4] pages in total, Defendant received responses back as to five of them by April 26, 2021, and, as of the date of this submission, Defendant has received responses as to the remaining six

---

[4] This set of 11 consultation requests includes a number of records that are duplicative across some of these requests because some records contain equities of more than one agency. Thus, the number of pages at issue for production is fewer than the total of 1,121 pages sent for consultation.

as well. Some of these documents require additional consultation. Additionally, those documents require subject matter expert review, as well as review by Mr. Fields, steps that, for different reasons, are both taking considerable time at present. *See supra* at 3. Defendant anticipates that, for the subset of these records for which no further consultation or submitter notice was required as of April 26, a set totaling 740 pages, Defendant will complete these processes and produce any non-exempt responsive materials to Plaintiffs by July 16, 2021.

After the date of Mr. Fields' declaration, Defendant also sent an additional fifteen consultation requests to several agencies and components, and received responses as to fourteen. The one remaining agency from which Defendant has not yet received a response is the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). That consultation request concerns 22 pages and was sent to ATF on March 18, 2021. ATF has indicated that it anticipates responding to the request by June 30, 2021, and Defendant anticipates that, if the response is received by June 30, 2021, it can complete processing by July 16, 2021.

In total, there are currently 2,221 pages subject to consultation/coordination requests, although, as noted above, there is overlap between this set and the set of records subject to submitter notice. *See supra* at 4. Additionally, approximately two hundred pages have been identified for which additional consultation is needed and Defendant will be sending those consultation requests out by June 11, 2021. Defendant further proposes to submit a status report informing the Court regarding the status of those consultations by July 16, 2021.

*****

For all these reasons, Defendant respectfully asks that the Court grant it an extension until July 16, 2021 for the production of any non-exempt responsive material subject to production by May 26, 2021 under the Court's March 31, 2021 Order, and to set a status report

for July 16, 2021 for Defendant to report next regarding the still outstanding records subject to consultation/coordination or the submitted notice process.

Dated:  May 26, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　BRIAN M. BOYNTON
　　　　　　　　　　　　　　　　　　　Acting Assistant Attorney General

　　　　　　　　　　　　　　　　　　　MARCIA BERMAN
　　　　　　　　　　　　　　　　　　　Assistant Branch Director
　　　　　　　　　　　　　　　　　　　Federal Programs Branch

　　　　　　　　　　　　　　　　　　　*/s/ Julia A. Heiman*
　　　　　　　　　　　　　　　　　　　JOSHUA M. KOLSKY
　　　　　　　　　　　　　　　　　　　JULIA A. HEIMAN (D.C. Bar No. 986228)
　　　　　　　　　　　　　　　　　　　Federal Programs Branch
　　　　　　　　　　　　　　　　　　　U.S. Department of Justice, Civil Division
　　　　　　　　　　　　　　　　　　　1100 L Street, N.W.
　　　　　　　　　　　　　　　　　　　Washington, DC  20005
　　　　　　　　　　　　　　　　　　　Tel. (202) 616-8480 / Fax (202) 616-8470
　　　　　　　　　　　　　　　　　　　julia.heiman@usdoj.gov
　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*